UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Jerome Vaughn, #D-118; ) | C/A No. 8:05-3162-GRA-BHH |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Jack D. Howle, Jr., Chief Public Defender Sumter County; ) ) ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, Timothy Vaughn (hereafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff appears to be a pre-trial detainee in the custody of the Sumter County Detention Center. The "Statement of Claim" in his Complaint is recited below verbatim:

> I'm writing in reference of my public Defender Mr. Jack D. Howle, Seven East Hampton Street, Sumter, S.C. 29150. On April 20, 2004, Also in Feburary 9 [sic] 2004 I wrote him for my Motion of Discovery and for my bond to be set. In May 2004 I went up for an [sic] Bond Hearing and was denied Bond. I feel that's [sic] he's not trying to protect my best interest in him being my attorney he hasn't got me my Motion of Discovery from my Solicitor. The time is now lapsing from the date that I wrote Mr. Jack Howle requesting a Bond Hearing and where I sent the solicitor a Motion and also my lawyer has sent an [sic] Motion to the Solicitor request my Motion of Discovery. This could be (detriment) [sic] damage to me because of the time frame. The Solicitor of the Third Juducial [sic] Circuit of Sumter County is in violation of my 5th fifth, 16th sixth [sic] and 14th

fourteenth Amendments of the federal Constituition [sic] of the United States and also a violation of the 5th fifth and 14th fourteenth Amendments of the due process clause of the federal Constituition [sic] of the United States of not giving me or my attorney my Motion for Discovery in a meaning full [sic] time and a meaning full [sic] matter in which time frame has lapsed. Also my public defender Mr. Jack D. Howle is in violation of my 5th amendment of the federal Constituition [sic] of the United States and also in violation of the fourteenth Amendment of the federal Constituition [sic] of the United States of not getting me up for another bond Hearing in a meaning full [sic] time and meaning full [sic] matter. I wrote about my attorney and the Solicitor for in violation of my federal Constituitional [sic] Rights and I'm hoping you can help me or know someone that can help in the federal District Court or other meaning concerning my public defender and Solicitor for being in violation of my federal Constituitional [sic] Rights of the United States.

The Plaintiff seeks to recover monetary damages in the amount of Two Million Dollars ($2,000,000.00) and his immediate release from custody.

### *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**NO CAUSE OF ACTION UNDER 42 U.S.C. § 1983**

The Plaintiff claims that he is being denied due process and effective assistance of counsel.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney);  *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).  Ultimately, legal malpractice or tortious action cannot support a recovery under 42 U.S.C. §1983.  *Fletcher v Hook*, 446 F. 2d 14 (3rd Cir. 1971); *Smith v Clapp*, 436 F. 2d 590  (3rd Cir. 1970).

Negligence and legal malpractice are causes of action under South Carolina law.  *See  Mitchell v. Holler*, 429 S.E. 2d 793 (S.C. 1993); *Yarborough v. Rogers*,  411 S.E.2d 424 (S.C. 1991).  A civil action for negligence and legal malpractice would be cognizable in this Court under  28 U.S.C. § 1332 (the "diversity" statute), if the statutory requirements are satisfied.  *See Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992).  It is clear from the allegations contained in the Complaint, however, that the Plaintiff and the Defendant are both citizens of South Carolina, thus precluding any diversity jurisdiction in this case.

**RECOMMENDATION**

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, however, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Even applying liberal construction to the Plaintiff's Complaint, it is clear that he has failed to state a claim upon which this Court could grant relief.

The Defendant should not be required to answer this Complaint. It is therefore recommended that the within Complaint be dismissed without prejudice and without issuance or service of process. Plaintiff's attention is directed to the Notice on the following page.

_Bruce H. Hendricks_
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

November 16, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
